IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VANESSA C. SMITH                                                                                                PLAINTIFF

v.          Civil No. 5:23-cv-05222-TLB-CDC

SOCIAL SECURITY ADMINISTRATION,
SSI Case Adjuster in Fayetteville, Arkansas                                                       DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Vanessa C. Smith ("Smith"), filed this action under the provisions of the Health Insurance Portability and Accountability Act ("HIPPA"), the Religious Freedom Restoration Act ("RFRA"), the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act. Smith proceeds *pro se* and *in forma pauperis* ("IFP").

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2).

### I.          BACKGROUND

Smith appears to be asserting this case on behalf of her son, Elgin Smith ("Elgin"), who she says has physical and intellectual disabilities. (ECF No. 1 at 5). Smith indicates Elgin is unable to manage his financial accounts and has been prevented from receiving medical care. *Id.* at 6. Smith alleges that she has been unable to obtain an accounting of Elgin's financial accounts and refused access to his medical records. *Id.*

Smith attaches to the Complaint a letter she wrote to the Arkansas Medical Board regarding

the alleged refusal of Elgin's primary care physician (PCP) to follow an agreed medical plan for Elgin's treatment. (ECF No. 1 at 9). In particular, the PCP is alleged to have told Elgin that: "If you don't want medical care you don't have to have medical care." *Id.* Further, Smith indicates the PCP refused to provide the medical treatment she, as Elgin's medical representative, requested, to include antibiotics, a tetanus shot, and blood work. *Id.* The PCP agreed to place Elgin on a 72-hour hold but only if Smith obtained a medical power of attorney. *Id.* At this point, Smith says the PCP and his staff refused to sign such a document and refused to schedule another appointment with her as Elgin's medical representative. *Id.*

Since the PCP has been non-cooperative, Smith states Elgin has spent twenty-two weeks with open sores at his hair line, neck, arms, stomach, back, and legs, as well as having swollen neck glands, and that none of these conditions has responded to treatment with antibiotics. (ECF No. 1 at 9-10). During this time, Smith says Elgin has displayed a lack of interest in life. *Id.* at 10. As relief, Smith requests an investigation into Defendant Social Security Administration's ("SSA") involvement, and seeks the requested documentation on insurance coverage, the requested medical records, and the requested power of attorney. (ECF No. 1 at 7).

Smith then states that the Washington County Department of Human Services Adult Protective Services has refused to open a case, reportedly because the defendant would be Elgin's PCP. (ECF No. 1 at 10). Smith says she also contacted the Arkansas Mental Health Unit, the Arkansas Department of Health Nurses Unit, Ozark Guidance Center, the Fayetteville Police Department, the Community Coalition Unit, the Washington County Prosecuting Attorney, the County Clerk's Office, the Washington County Probate Clerk, the Arkansas Department of Health/Communicable Diseases Outbreak Team, and the Center for Disease Control. *Id.* at 10-

12.  Smith indicates she contacted the SSA asking for further diagnosis.  *Id.* at 10.  Smith says she has been repeatedly told that if her son does not want health care there is nothing she can do.  *Id.* at 12.

Smith attaches a "durable power of attorney for health care and HIPPA release" signed by Elgin on August 10, 2023, and witnessed by Smith who is the appointed attorney in fact and successor attorney.  (ECF No. 13-17).  Smith also attaches a durable statutory power of attorney for a designated account signed December 14, 2021, and an Arkansas Department of Human Services consent for an authorized representative which is dated July 24, 2023.  *Id.* at 18-20.  Next, Smith attaches certain records regarding Elgin's medical treatment.  *Id.* at 24-29.  These records indicate Elgin is 29 years old.  *Id.* at 25.  As an exhibit to the Complaint, Smith attaches her wage disbursement records from LF Staffing Services, Inc.  (ECF No. 1-1 at 1-9).

Smith submitted a Supplement containing sixty-nine pages of records from the Internal Revenue Service, banking records, unemployment records, state income tax records, and other records from LF Staffing Services, Inc.  (ECF No. 5 at 1-69).  These appear to be Smith's own records.

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather

than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

While *pro se* individuals have an absolute right to represent themselves, *pro se* parties may not represent the interests of other parties. 28 U.S.C. § 1654. This holds true even when the *pro se* individual seeks to represent her own children. *Crozier for A.C. v. Westside Cmty. Sch. Dist.,* 973 F.3d 882, 887 (8th Cir. 2020) (non-attorney parents cannot litigate on behalf of their minor children). The rule is not without exception. "Parents may litigate *pro se* if their minor child is denied social security benefits." *Id.*

However, no such exception appears to have been extended to claims alleging violations of constitutional rights under § 1983 or statutory rights under the ADA or § 504 of the Rehabilitation Act. *See e.g., Mann v. Boatright,* 477 F.3d 1140, 1150 (10th Cir. 2007) (daughter, acting *pro se,* could not bring claims alleging violations of constitutional rights on behalf of her father); *Cabrera v. State of North Dakota Workforce Safety and Ins. Fund,* No. 1:18-cv-242, 2020 WL 1068110 (D.N.D. March 5, 2020) (non-attorney wife, acting *pro se,* may not represent her

4

husband's estate in ADA action); *Clayton v. Kroopnick,* No. 2:22-cv-12156, 2023 WL 5423623, *5 (E.D. Mich. June 23, 2023) (non-attorney parent or guardian may not represent the interests of his/her children under the ADA or § 504 of the Rehabilitation Act). The rule against a non-attorney *pro* se party representing another party applies even if the non-attorney who is seeking to represent another has obtained a general power of attorney. *Id.*; *see also Johns v. Cty. of San Diego,* 114 F.3d 874 (9th Cir. 874, 876 (1997)).

This case does not involve the denial of social security benefits. No other exception exists that would allow Smith, a non-attorney, to represent the interests of her adult son. For this reason, Smith cannot continue with her ADA or Rehabilitation Act claims. To the extent the Complaint can be read to be asserting a denial of Elgin's constitutional rights, Smith similarly cannot represent Elgin's interests on a § 1983 claim.

Turning to the Religious Freedom Restoration Act, this legislation was declared unconstitutional as its enactment exceeded Congress' power under § 5 of the Fourteenth Amendment in *City of Boerne v. Flores,* 521 U.S. 507 (1997). Congress responded to this Supreme Court case by enacting the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). 42 U.S.C. § 2000bb *et seq.; Holt v. Hobbs,* 574 U.S. 352, 357 (2015) (setting forth the history of the two statutes). "RLUIPA concerns two areas of government activity; Section 2 governs land-use regulation, § 2000cc; and Section 3 . . . governs religious exercise by institutionalized persons, § 2000cc-1." *Holt,* 574 U.S. at 357. RLUIPA has no application to the facts alleged in the Complaint. Thus, even if Smith could bring a claim on her son's behalf, and her complaint construed broadly, no plausible claim is stated under RLUIPA.

Finally, HIPPA creates no private cause of action, and thus affords no relief in this instance. *See e.g., Adams v. Eureka Fire Protection Dist.,* 352 Fed. Appx. 137, 139 (8th Cir. 2009).

## IV. CONCLUSION

For these reasons, it is recommended that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** because Smith cannot assert claims on behalf of her son and the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of January 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE